Filed 6/18/13  P. v. Williams CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIUS DEWAYNE WILLIAMS,<br><br>    Defendant and Appellant. | 2d Crim. No. B240934<br>(Super. Ct. No. 2011036452)<br>(Ventura County) |

        Julius Dewayne Williams appeals from a judgment after a guilty plea to one count of second degree commercial burglary.  He admitted he had three prior convictions and served a prison sentence for each.  (Pen. Code, § 667.5, subd. (b.)[1]  The trial court struck two prior prison allegations, and sentenced him to a three-year term, to be served in a local facility pursuant to section 1170, subdivision (h)(5).

        Williams contends, and the Attorney General concedes, that he is entitled to day-for-day presentence conduct credit under the version of section 2933, subdivision (e) that was in effect on the date he committed the crime.  We modify the judgment to award Williams the correct amount of presentence credit.

---

        [1] All statutory references are to the Penal Code unless otherwise stated.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2011, Williams used a fictitious traveler's check to purchase an item. Between his arrest and his sentencing on April 11, 2012, he was confined for 182 days. The trial court awarded 272 days of presentence confinement credit, consisting of 182 days of actual custody and 90 days of conduct credit.

## DISCUSSION

When Williams committed his crime (between September 28, 2010 and October 1, 2011) conduct credits for defendants convicted of felonies and sentenced to state prison were governed by section 2933, former subdivision (e). (Stats. 2010, ch. 426, § 1.) That version authorized day-for-day conduct credits: "Notwithstanding Section 4019. . . a prisoner sentenced to the state prison under Section 1170 for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in a county jail . . . from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner." It did not apply to prisoners who were required to register as sex offenders or suffered strike convictions, but it did apply to Williams. Williams was not required to register as a sex offender and he had not suffered any serious or violent felony convictions.

While Williams' case was pending, the sentencing statutes were amended as part of realignment. (Stats. 2011, ch. 15, § 1); Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 35.) The changes applied only prospectively. (§ 4019, subds. (g) & (h).) Williams committed his crime before their effective dates. Because of realignment, Williams was not "sentenced to state prison," within the terms of section 2933, former subdivision (e). (Stats. 2010, ch 426, § 1.) However, that post-offense change cannot serve to reduce his credits without violating the constitutional prohibition on ex post facto laws. (See *Weaver v. Graham* (1981) 450 U.S. 24, 31.)

## DISPOSITION

The judgment is modified to award appellant credit for 364 days of presentence confinement, consisting of 182 days of actual custody and 182 days of conduct credit. In all other respects, the judgment is affirmed. The trial court shall

2

prepare a corrected abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

3

Nancy Ayers, Judge

Superior Court County of Ventura

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Blythe J. Leszkay, Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.